IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA, on
behalf of the Secretary of the
United States Housing and Urban
Development Agency (HUD)                                    PLAINTIFF

v.                         Case No. 4:10-cv-00196-DPM

DARYL MORGAN, Individually and as
Personal Representative of the estate of
Gary Tucker and any and all other
occupants of 51 Bentley Circle,
Little Rock, AR 72110                                       DEFENDANTS

ORDER

The facts in this case have outrun the pleading. The United States sued Daryl Morgan and others a few months ago because Morgan was "currently residing" on property the United States supposedly owned. A letter from the United States Housing and Urban Development agency (attached to and incorporated in the complaint) stated that Morgan had also "filed of record several different documents against this property in the county real estate records . . . to support [Morgan's] claim of an interest." The United States asked the Court to order the Defendants to "immediately vacate and be enjoined from re-entering or attempting to possess said property." According to recent correspondence from the United States filed with

the Court,[1] however, Morgan and the other Defendants have vacated the property.

As the United States acknowledges,[2] its motion for a preliminary injunction[3] to eject the Defendants from the premises has become moot because everyone has moved out. The motion is therefore denied.

The United States also moves for service by publication.[4] 28 U.S.C.A. § 1655 (2006). "Service by publication will be permitted . . . only when personal service . . . is 'not practicable,' and, since this method of effecting process and giving notice is not favored, the plaintiff must prove the impracticability of personally serving the defendant." 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE: FEDERAL RULES OF CIVIL PROCEDURE § 1118 (3d. ed. 2002) (quoting the statute). Here, the United States's papers fall short. The United States argues that service is not practicable because Morgan "cannot be served within the State of Arkansas; said defendants have not voluntarily appeared herein; and the address of said defendants are unknown to the plaintiff." The United States Marshal has apparently made several unsuccessful attempts to serve process at the property. But these allegations—without supporting affidavits or other proof of

---

[1] Doc. No. 13

[2] Doc. No. 13

[3] Doc. No. 2

[4] Doc. No. 7

impracticability—are insufficient. *E.g., Citizens and Southern Nat'l Bank v. Auer*, 514 F. Supp. 631, 633–34 (E.D. Tenn. 1977). And the complaint to be served by publication claims that Morgan still resides at the property.

The motion for service by publication is denied without prejudice. The United States may renew its motion on proof showing that personal service is impracticable within the meaning of the statute. The United States should also file an amended complaint containing allegations that support, rather than contradict, that showing. FED. R. CIV. P. 15(a)(2).

It Is So Ordered.

*/s/ DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

4 June 2010