FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 22 2010
JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA, on behalf
of the Secretary of the United States Housing
and Urban Development Agency (HUD)          **PLAINTIFF**

V.                                    CASE NO. 4:10cv00196-DPM

DARYL MORGAN, Individually and as
Personal Representative of the estate of
Gary Tucker and any and all other
Occupants of 51 Bentley Circle,
Little Rock, AR 72110                        **DEFENDANT**

### AMENDED COMPLAINT

NOW comes the United States of America ("the United States") on behalf of

the Secretary of the United States Housing and Urban Development Agency (HUD),

by and through its attorneys, Jane W. Duke, United States Attorney for the Eastern

District of Arkansas, and Gwendolyn D. Hodge, Assistant United States Attorney for

said District, and files this Amended Complaint as follows:

### PARTIES TO THE ACTION

1. Plaintiff, the United States, files this Complaint on behalf of the Secretary

of HUD and as authorized by the Attorney General.

2. The subject property is Lot 39, Phase II, Bentley Court Subdivision, Little

Rock, Pulaski County, Arkansas.  More commonly referred to as 51 Bentley Circle,

Little Rock, Arkansas.

3.  Daryl Morgan is a resident of the state of Arkansas, address unknown.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to 28 U.S.C. §1345.  Venue is proper in the Eastern District of Arkansas under 28 U.S.C. §1391(b).

## STATEMENT OF THE CASE

5.  This is an action seeking Declaratory Relief under 28 U.S.C. §§2201 and 2202.  Defendant Morgan has filed certain papers in the real estate records claiming an interest in the subject property.  Plaintiff seeks declaratory relief quieting title in the Plaintiff.

## FACTUAL ALLEGATIONS

6.  Plaintiff was and is the owner of the following described real property located in the City of Little Rock, Arkansas:

> Lot 39, Phase II, Bentley Court Subdivision, Little Rock, Pulaski County, Arkansas.

7.  The street address of said property is 51 Bentley Circle, Little Rock, Arkansas.

8.  On or about June 27, 2009, Plaintiff's predecessor in interest in the above-described property, Mortgage Electronic Registration Systems, Inc. ("MERS"), conveyed this property to the Plaintiff in conjunction with the payment by Plaintiff of a mortgage insurance claim under Plaintiff's single family mortgage insurance program.  12 U.S.C. §§1709 and 1710; 24 C.F.R. Parts 203 and 291 (2009).  Said Special Warranty Deed was subsequently recorded in the Official Records of the

Pulaski County Circuit/County Clerk on August 7, 2009.  A true and correct copy of the Special Warranty Deed is attached hereto as Exhibit A.

9. Defendant Morgan may claim some right or title or lien against the property by virtue of certain filings in the real estate records of Pulaski County.  See Exhibit B-1, *Notice of Removal*; B-2, *Notice of Revocation of Power of Attorney and Revocation of Signature Affidavit*; B-3, *Deed of Cancellation*; B-4, *Notice of Right to Cancel*; B-5, *Addendum*

10. Plaintiff is informed and believes and, therefore, alleges that Defendant's claims are invalid.

## CAUSE OF ACTION

### I. Declaratory Judgment

11. Plaintiff incorporates by reference paragraphs 1-11 above.

12. Based on the foregoing and pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff seeks judgment of the Court that: 1) Plaintiff is the fee simple owner of real property located at 51 Bentley Circle, Little Rock, Arkansas; and 2) that neither Defendant Morgan, nor any other person or entity other than HUD, has no claim or interest in the subject property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that:

1. The Court enter an Order quieting title in real property commonly known as  51 Bentley Circle, Little Rock, Arkansas, and declaring  that Plaintiff is the fee

simple owner of said real property and that neither the Defendant, nor any other person or entity other than HUD, has a claim against, or interest in, 51 Bentley Circle, Little Rock, AR.

3.  Plaintiff have and recover its costs, and all such other and further relief as the Court may deem proper.

Respectfully Submitted,

JANE W. DUKE
UNITED STATES ATTORNEY

/s/ Gwendolyn D. Hodge
GWENDOLYN D. HODGE
Bar Number 92245
Attorney for the United States Government
United States Attorney's Office
P.O. Box 1229
Little Rock, Arkansas 72203
Telephone: (501) 340-2700
E-mail: Gwen.Hodge@usdoj.gov

OF COUNSEL:

Jesse Loper
Legal Honors Attorney
Office of Counsel, Region VIII
Department of Housing and Urban Development
1670 Broadway
Denver, CO 80202-4801



*20092224*

THIS FORM PREPARED BY AND COMPLETED FORM APPROVED BY:
Dyke, Henry, Goldsholl, Winzerling, PLC
555 PLAZA WEST
415 N. MCKINLEY
LITTLE ROCK, AR 72205
TS No.: 09 -0001825
TSG No.: 08-6-479016A

Grantor: MORTGAGE ELECTRONIC REGISTRATION SYTEMS, INC.
Grantee: Secretary of Housing and Urban Development

## SPECIAL WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS:

That MORTGAGE ELECTRONIC REGISTRATION SYTEMS, INC., acting herein by and through its duly authorized officer, hereinafter called "Grantor", for and in consideration of the sum of TEN DOLLARS ($10.00) and other good and valuable consideration in hand paid by **Secretary of Housing and Urban Development**, hereinafter called "Grantee", the receipt of which is hereby acknowledged, has granted, bargained, sold and conveyed and by these presents does grant, bargain, sell and convey unto the said Grantee, his successors in office as such, and his or their assigns, forever, all that certain parcel of land located in the County of Pulaski, State of Arkansas, to-wit:

**LOT 39, PHASE II, BENTLEY COURT SUBDIVISION, LITTLE ROCK, PULASKI COUNTY, ARKANSAS.**

Grantor also assigns and transfers to Grantee herein all of Grantor's claims and notes representing the indebtedness heretofore secured by liens on the property hereinabove described and which liens were heretofore foreclosed.

TO HAVE AND TO HOLD the above described property, together will all and singular, the tenements, hereditaments, rights and appurtenances thereto in anywise belonging unto the said Grantee and his successors in such office and his or their assigns forever. Grantor hereby binds itself and its successors to warrant and forever defend all and singular the said premises unto the same Grantee and his successors and assigns against every person whomsoever lawfully claiming, or to claim the same or any part thereof, by, through, or under it, but not otherwise.

IN WITNESS WHEREOF, the said Grantor, on this 27th day of June, 2009, has caused these presents to be executed for and in its name and behalf by its undersigned Officers.



By:   MORTGAGE ELECTRONIC REGISTRATION
      SYTEMS, INC.

*Leonard Valsin*

                                     Leonard Valsin      Assistant Secretary

STATE OF __Texas__
COUNTY OF __Dallas__                    ACKNOWLEDGEMENT
BEFORE ME, the undersigned authority, on this day personally appeared ____Leonard Valsin____
known to me to be the person whose name is subscribed to the foregoing instrument as and who acknowledged
himself/herself to be the __Assistant Secretary__ of RECONTRUST COMPANY, N.A., Attorney-
in-fact for MORTGAGE ELECTRONIC REGISTRATION SYTEMS, INC., a party thereto and acknowledged to
me that he/she executed the same as said __Assistant Secretary__, being authorized so to do business
in the State of Arkansas, executed the foregoing instrument for the purposes therein contained and consideration
therein expresses, and in the capacity therein stated, by signing the name of the corporation by himself/herself as
__Assistant Secretary__.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this __30th__ day of __June__, __2009__

_____
Notary Public Signature

M. J. PARVIN
MY COMMISSION EXPIRES
March 25, 2010

I certify under penalty of false swearing that the legally correct
amount of documentary stamps have been placed on this instrument.

_____ , Grantee/Agent
Address __1800 Tapo Canyon Rd.__
         Simi Valley, CA 93063

STATE OF ARKANSAS } ss
COUNTY OF PULASKI }

I, Pat O'Brien, County Clerk of the aforesaid County,
do hereby certify that the foregoing instrument is a
true and correct copy of the original.

                Warranty Deed

Filed in this office on the __7__ day of __Aug__, 20_09_.
IN TESTIMONY WHEREOF, I have hereunto set my hand
and affixed the seal of this office this __4__ day of
__April__, 2010__.

          PAT O'BRIEN, Pulaski County Circuit County Clerk
       BY  Christy R McDaniel
                Deputy Clerk



Branch :PP2,User :P001                    Comment:                              Station Id :FZCG

2009052432 Received: 8/28/2009 2:33:40 PM Recorded: 08/28/2009 02:38:02 PM
Filed & Recorded in Official Records of PAT O'BRIEN, PULASKI COUNTY
CIRCUIT/COUNTY CLERK Fees $30.00

*Notice of Renewal*



FROM:

GARY TUCKER
DARYL MOROAN, administrator of the estate
51 BENTLEY CIRCLE
LITTLE ROCK, AR 72210

DATE: AUGUST 25, 2009

NATIONAL BANK OF KANSAS CITY
10700 NALL AVENURE
OVERLAND PARK, KS 66211

NETCO, INC.
1701 CENTERVIEW DR 121
LITTLE ROCK, AR 72111

NEW VISION RESIDENTIAL LENDING
ATTENTION: FINAL DOCS
10700 NALL AVENUE
OVERLAND PARK, KS 66211

RECONTRUST COMPANY
2380 PERFORMANCE DRIVE
MAIL STOP: RGV-C4-450
RICHARDSON, TX 75082

BANK OF AMERICA HOME LOANS
P.O. BOX 5170
SIMI VALLEY, CA 93062-5170

Dyke, Henry, Goldshell, Wiszerling, PLC
555 PLAZA WEST
415 N. MCKINLEY
LITTLE ROCK, AR 72205

HUD Office of Inspector General
451 7th Street, SW
Washington, DC 20410

MERS
PO BOX 2026
FLINT, MI 48501-2026



2009059432   2 of 4

RE: Original Loan No. 18500343;
Commonly Known Address: 51 Bentley Circle Little Rock, AR 72210
Mortgage Record No. 2008016226; Recorded Date March 11, 2008

## NOTICE OF REMOVAL

To: ALL RESPONDENTS ADDRESSED ABOVE

X AFFIDAVIT was recorded on March 11, 2008 Instrument No. 2008016225 showing me
as a witness. I signed my father's name on Mortgage Record No. 2008016226, my father
GARY TUCKER was a quadriplegic and could not sign.

TRUSTOR(s)/GRANTOR(s)/MORTGAGOR(s): GARY TUCKER AND DARYL
MORGAN does hereby give reference to the Mortgage drawn and executed by GARY
TUCKER signed by DARYL MORGAN, as Trustor(s)/Grantor(s)/Creator(s) with further
given to the following described real property situated in:

LOT 39, PHASE II, BENTRLEY COURT SUBDIVISION, LITTLE ROCK,
PULASKI, ARKANSAS

The street address or other common designation, if any, of the real property described
above is purported to be: 51 BENTLEY COURT LITTLE ROCK, AR 72210

GRANTOR(s)/TRUSTOR(s)/MORTGAGOR: GARY TUCKER AND DARYL MORGAN
by actual and Constructive Notice does hereby declare:

1) Effective Immediately, the undersigned GARY TUCKER signed by DARYL
MORGAN forever removes/releases/discharges all Mortgages(s) "Trustees, Successor
Trustees, Substituted Trustees, Agents, Servicers, Assigns, Transfers, known and
unknown, including: NATIONAL BANK OF KANSAS CITY; NETCO, INC; NEW
VISION RESIDENTIAL LENDING, BANK OF AMERICA HOME LOANS; Dyke,
Henry, Goldsholl, Winzerling, PLC; RECONTRUST COMPANY; HUD,
DEUTSCHE BANK NATIONAL TRUST CO., NEW VISION RESIDENTIAL
LENDING and MERS existing under the laws of Delaware; and thereby removing and

Branch :PP2,User :P001                         Comment:                              Station Id :FZCG

2009059432   3 of 4

and stopping the aforesaid from any further appointments or assignments originally
granted or contained within the Deeds of Trusts concerned herein.

2)  **Effective immediately, the undersigned GARY TUCKER signed by DARYL
    MORGAN** forever revokes/cancels/voids/rescinds any and all duties appointments or
    assignments originally granted by the Revocation of Power of Attorney, Authority or
    otherwise granting and or signatures, including, but not limited to: **NATIONAL BANK
    OF KANSAS CITY; NETCO, INC; NEW VISION RESIDENTIAL LENDING,
    BANK OF AMERICA HOME LOANS; Dyke, Henry, Goldsholl, Winzerling, PLC;
    RECONTRUST COMPANY; HUD, NEW VISION RESIDENTIAL LENDING and
    MERS,** and any addresses named above; thereby removing and terminating the same
    from all duties and forever barring and stopping the aforesaid of any further appointment
    of any and all Mortgage(s) Trustees, Successor Trustees, "Substitutes" or
    "Beneficiary(s)".

LET IT BE KNOWN that all the above mentioned: Mortgagee(s) Trustee, Successor Trustee(s),
Beneficiary(s), Assigns, Substitutes, known or unknown in clauses 1 and 2 above are hereby
directed to immediately CEASE and DESIST any further actions through said
appointments/assignments granted in or from original Record No. 2008016226, dated February
29, 2008. Any such continued or further action by ANY of the above named parties may result
in legal actions against them.

BE it Further known, GRANTORS, TRUSTORS, MORTGAGORS: GARY TUCKER signed
by DARYL MORGAN does hereby declare that: Effectively immediately, all duties and
benefits of "Trustee" "Mortgagee" and "Beneficiary" as set forth in the original Mortgage, are
hereby reassigned by Quitclaim/Release of Mortgage to GARY TUCKER signed by DARYL
MORGAN.

### ACTUAL AND CONSTRUCTIVE NOTICE

2009059432   4 of 4

## ACTUAL AND CONSTRUCTIVE NOTICE

All trustee(s), Successor Trustee(s), Mortgagee(s) and Beneficiary(s) named in the Mortgage as Mortgagee dated FEBURURY 29, 2008, and recorded MARCH 11, 2008 under original Mortgage Instrument No. 2008016226 ARE hereby Removed/ Released/ Dismissed of all duties, expressed or implied, effective immediately. The aforesaid trustee(s), Successor Trustee(s), and Beneficiary(s) are expressly directed to CEASE and DESIST any further duties and action of said appointment(s) and or assignment(s), including debt collection and any foreclosure actions under any number. Any continued actions of any nature against the property described above may result in legal actions being taken.

_Daryl Morgan_

DARYL MORGAN, administrator and signer for GARY TUCKER on February 29, 2008

## ACKNOWLEDGMENT

State of Arkansas          )
                           )
County of Pulaski          )

Subscribed and sworn to (or affirmed) before me on this 28th DAY of _August_ 200_, by Daryl Morgan, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature _Adam Sharp_

ADAM SHARP
Arkansas - Pulaski County
Notary Public - Comm# 12357441
My Commission Expires Sep 8, 2015

2009059433 Received: 8/28/2009 2:33:41 PM Recorded: 08/28/2009 02:38:03 PM
Filed & Recorded in Official Records of PAT O'BRIEN, PULASKI COUNTY
CIRCUIT/COUNTY CLERK Fees $25.00

*Notice of Revocation of Power of Attorney*

FROM:

GARY TUCKER
DARYL MORGAN, administrator of the estate
51 BENTLEY CIRCLE
LITTLE ROCK, AR 72210

DATE: AUGUST 25, 2009

NATIONAL BANK OF KANSAS CITY
10700 NALL AVENURE
OVERLAND PARK, KS 66211

NETCO, INC.
1701 CENTERVIEW DR 121
LITTLE ROCK, AR 72111

NEW VISION RESIDENTIAL LENDING
ATTENTION: FINAL DOCS
10700 NALL AVENUE.
OVERLAND PARK, KS 66211

RECONTRUST COMPANY
2380 PERFORMANCE DRIVE
MAIL STOP: RGV-C4-450
RICHARDSON, TX 75082

BANK OF AMERICA HOME LOANS
P.O. BOX 5170
SIMI VALLEY, CA 93062-5170

Dyke, Henry, Goldshell, Wiszerling, PLC
555 PLAZA WEST
415 N. MCKINLEY
LITTLE ROCK, AR 72205

HUD Office of Inspector General
451 7th Street, SW
Washington, DC 20410

MERS
PO BOX 2026
FLINT, MI 48501-2026



Branch :PP2,User :P001                    Comment:                                    Station Id :FZCG

2009059433   2 of 3

RE: Original Loan No. 18500343;
Commonly Known Address: 51 Bentley Circle Little Rock, AR 72210
Mortgage Record No. 2008016226; Recorded Date March 11, 2008

## NOTICE OF REVOCATION OF POWER OF ATTORNEY & REVOCATION OF SIGNATURE AFFIDAVIT

**ATTENTION: All Respondents listed above.**

Subject: Rescission of Signatures

DARYL MORGAN DOES HEREBY DECLARE:

On or about February 29, 2008 I, DARYL MORGAN living soul was coerced, deceived and
defrauded by acts of non-disclosure and enticed to put my father GARY TUCKER'S signature
on forms and other documents referred to as an MORTGAGE/SECURITY/ NOTE/ PURCHASE
AGREEMENT # 2008016226. X AFFIDAVIT was recorded on March 11, 2008
Instrument No. 2008016225 showing me as a witness. I signed my father's name. My father
was a quadriplegic and could not sign.

Due to the act of NON-Disclosure, Misrepresentation and for reasons state herein and
above makes any agreement VOID. I hereby rescind any and all signatures that I may have
placed on any and all forms, documents, contracts, Power of Attorney and the like, acted upon on
or about February 29, 2008 and forward to present date.

That, due to the discovery of various elements of fraud, fraudulent inducement, fraudulent
misrepresentation, entrapment and non disclosure resulting in the deprivation of my fathers
property by NATIONAL BANK OF KANSAS CITY audit and close perusal of the purported
Loan, Mortgage, and Security Agreement. I, DARYL MORGAN do hereby refuse to knowingly
accept or otherwise participate in ANY part of fraud and other wrongful actions involving the
purported Promissory Note/Security Instrument/Mortgage and, further do hereby revoke, rescind,
and terminate all our signatures relating to any and all said deeds, notes, and agreements from
their inception.

Furthermore, I, DARYL MORGAN do hereby revoke, terminate and rescind all Powers of
Attorney, in fact or otherwise, previously assigned by us, implied in law, by trust or otherwise,
with or without our consent and or knowledge, as such pertains to any property, real or personal,
promissory note, deed of trust and mortgage signed on the date of February 29, 2008 or
otherwise, under Mortgage No. 2008016226; Recorded Date: MARCH 11, 2008; involving said
property more commonly known and identified as: 51 BENTLEY CIRCLE LITTLE ROCK, AR
72209

2009059433   3 of 3

All unconscionable contracts are subject to rescission under the common law and Admiralty Law for failure to make the proper disclosure in constitute an acceptance where there is no meeting of the minds there is no contract as required by §226.23(b)(1) regarding Notice of Right to Rescind as set forth in **In re Pearl Maxwell v. Fairbanks Capital Corporation, 281 B.R. 101 (2002)**. The U.C.C addresses unconscionability in §2-302. I waive and reject any and all benefits expressed or implied arising from any such signatures, all resulting contracts, agreements, appointments of trustee(s) or trust resulting from force, deceit, under threat of arms, involuntary servitude and peonage, committed against ourselves.

DARYL MORGAN, administrator and signer for GARY TUCKER on February 29, 2008

### Acknowledgment

State of Arkansas    )
                     )
County of Pulaski    )

Subscribed and sworn to (or affirmed) before me on this 27 day of Aug, 2009 by Daryl Morgan, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature  (Seal)

JOSEPH CARPER
MY COMMISSION # 12385888
EXPIRES: April 30, 2018
Pulaski County

Branch :PP2,User :P001        Comment:        Station Id :FZCG

2009061730 Received: 9/9/2009 11:41:13 AM Recorded: 09/09/2009 11:48:36 AM
Filed & Recorded in Official Records of PAT O'BRIEN, PULASKI COUNTY
CIRCUIT/COUNTY CLERK Fees $90.00



### *DEED OF CANCELLATION*

Canceling and voiding MORTGAGEE'S DEED Instrument No. 2009044561 Recorded on July 1, 2009
Canceling and voiding SPECIAL WARRENTY DEED Instrument No. 2009054378 Recorded on August 7, 2009
**THESE DEEDS ARE FRAUDULENT**

        This DEED OF CANCELLATION made on this 8th day of September 2009.
WHERAS, On February 29, 2008, Gary Tucker executed and delivered to Mortgage
Electronic Registration Systems, Inc. a separate corporation acting solely as nominee for
National Bank of Kansas City successors and assigns a mortgage, recorded March 11, 2008,
as Instrument No. 2008016228. The mortgage was signed and witnessed by Daryl Morgan
which is on X affidavit Instrument No. 2008016225 Recorded on March 11, 2008. Daryl
Morgan was appointed administrator of Gary Tuckers Estate on July 3, 2008 Case No.: PDE
2008-756.

**LOT 39, PHASE II, BENTLEY COURT SUBDIVISION, LITTLE ROCK, PULASKI,
ARKANSAS**

Commonly known as: 51 BENTLEY CIRCLE, LITTLE ROCK ARKANSAS 72110

WHERAS, Due to FRAUD, NON DISCLOSURE and violation of Truth in Lending ACT
("TILA"), 15 U.S.C. §1601 et seq; 12 C.F.R part 226, the Mortgage Instrument No.
2008016228 recorded on March 11, 2008 along with NATIONAL BANK OF KANSAS CITY;
NETCO, INC; NEW VISION RESIDENTIAL LENDING, BANK OF AMERICA HOME
LOANS; Dyke, Henry, Goldshell, Wisserling, PLC; RECONTRUST COMPANY; HUD, NEW
VISION RESIDENTIAL LENDING and MERS is revoked, canceled, rescinded, voided and
released by NOTICE OF REVOCATION OF POWER OF ATTORNEY & REVOCATION OF
SIGNATURE AFFIDVAIT Instrument # 2009059433 recorded on August 28, 2009 and by
NOTICE OF REMOVAL Instrument # 2009059432 recorded on August 28, 2009.



2009061730   2 of 16

WHERAS, GARY TUCKER Forever removes/releases/discharges all "Trustees, Successor Trustees, Substituted Trustees, Agents, Servicers, Assigns, Transfers, Mortgagees, known and unknown, including : NATIONAL BANK OF KANSAS CITY; NETCO, INC; NEW VISION RESIDENTIAL LENDING, BANK OF AMERICA HOME LOANS; Dyke, Henry, Goldshell, Winxerting, PLC; RECONTRUST COMPANY; HUD, NEW VISION RESIDENTIAL LENDING and MERS existing under the laws of Delaware; and thereby removing and terminating the same from any and all duties forever barring and stopping the aforesaid from any further appointments or assignments originally granted or contained within the mortgage concerned herein.

MORTGAGEE'S DEED Instrument No. 2009044561 Recorded on July 1, 2009 and SPECIAL WARRENTY DEED Instrument No. 2009054370 Recorded on August 7, 2009 is canceled and voided effective immediately.

Rights to above land shall remain granted to Daryl Morgan who was appointed administrator of Gary Tuckers estate on July 3, 2008 Case No.: PDE 2008-756.

Send taxes to

Daryl Morgan
51 Bentley Circle
Little Rock, AR 72110
Parcel # 45L05017071900.

DARYL MORGAN

### ACKNOWLEDGMENT

State of Arkansas           )
                            )
County of Pulaski           )

Subscribed and sworn to (or affirmed) before me on this 8th DAY of Sep.f 2008 by Daryl Morgan, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature

**2009061730   3 of 16**

## AFFIDAVIT

**of GARY TUCKER AND DARYL MORGAN administrator of estate**
**Re: ORIGINAL Note/Mortgage Loan No. 10500343**
**Security Instrument dated: February 29, 2008**
**Mortgage Record No. 2008016226**

**Legal Description: LOT 39, PHASE II, BENTLEY COURT SUBDIVISION, LITTLE**
**ROCK, PULASKI, ARKANSAS**

State of Arkansas         )
                          ) ss.
County of Pulaski         )

"Indeed, No more than such a affidavit are necessary to make the prima facie case."
United States v. Kis, 658 F.2d 526 (1981)

Comes now DARYL MORGAN (hereinafter "affiant") a conscious, living man, residing in the
County of Pulaski in the State of Arkansas being first duly sworn/affirmed and does depose, say,
declare and affirm by affiant's signature that I am over the age of 18 years and have first hand
personal knowledge of the following statements and affirm the same are true and correct to the
best of the affiant's knowledge and belief, to wit:

1) That, affiant was induced to believe by certain officers and or employees of
   NATIONAL BANK OF KANSAS CITY (hereinafter "bank/lender") and further by
   the bank's advertising, that said bank had money of its own to loan to affiant and
   others at a certain rate of interest.

2) That, affiant took the bank up on its offer to loan affiant its money at a certain rate of
   interest, and affiant did sign a promissory note/mortgage date **February 29, 2008.**

3) That, the bank did also induce affiant to sign a "security agreement/instrument" dated
   **February 29, 2008,** granting the bank a secured interest and lien in and on the
   personal property of affiant currently held and owned or otherwise acquired. The
   bank caused affiant to believe this "security agreement/instrument" was necessary for
   the bank to protect and insure its "consideration", i.e., the loaning of its money to
   affiant as advertised and agreed.

P. 015

4) That, the bank did induce affiant into signing a Mortgage dated **February 29, 2008**, assigning other undeserving third parties a lien against, a security interest in, and control over the affiant's personal property. Again, the bank led affiant to believe this Mortgage/Assignment was also necessary to further secure the bank's consideration against any "risk or loss" regarding loaning the affiant its money.

5) That, the bank also did compel the affiant into procuring Mortgage Insurance on the affiant's property making the bank the beneficiary of the same, while the bank knew full well that it had not put any lawful consideration into the affiant's note, could not possibly incur any loss, was undeserving of the same, and was wrongfully instilling yet another unjust burden on the affiant. Courts of law throughout the United States consider any such wrongful action to be fraudulent inducement, fraudulent misrepresentation, and unjust enrichment. (Refer also to statement No.7 below).

6) That, at no time did the bank ever disclose to affiant the fact that the funding of the note was created/obtained by and through the affiant's signature on affiant's note/mortgage, of which the bank later arbitrarily and deceitfully claimed as its own, and then either sold, traded, or collateralized the same for its own benefit and use. Affiant believes that the foregoing wrongful acts evidence the bank never put up, nor used, any money of its own to fund the note/mortgage instrument.

7) That, by and through the affiant's signing of all the aforesaid financial instruments, affiant was led to believe that a binding, lawful contract was created between the bank, its agents, assignees, and affiant.

8) That, at the time of signing all the bank's required financial instruments as instructed, affiant was very unlearned and unsophisticated in such banking and financial matter, including all the various underlying details, particulars and legal consequences pertaining to the same. To the contrary, affiant relied wholly upon the bank having 'clean hands', operating in 'good faith' and providing affiant full, complete and truthful disclosure of the entire transaction(s).

9) That, the affiant has since been involved in researching all of the above particulars regarding the bank's loan process and can reasonably conclude that the bank did not in fact operate with clean hands or in good faith, nor did the bank provide full, complete and truthful disclosure of its underlying, undisclosed intents. To the contrary, affiant has good cause to believe that a close perusal and audit of the bank's

2009061730   5 of 16

internal accounting records provide sufficient evidence to support the following
conclusions:

   a.  That the bank used acts of, but not limited to, fraudulent inducement,
      fraudulent misrepresentation and fraudulent intent in its claim to have loaned
      its money to affiant;

   b.  That the bank did not fulfill its original promise and agreement to lend its own
      money; nor did not sacrifice/contribute anything of intrinsic value or incur any
      risk in the formation or outcome of the transactions. Therefore, did not
      contribute any lawful consideration;

   c.  That the bank arbitrarily and discretely stole the affiant's note/mortgage,
      claimed it as its own, and converted the same to a negotiable instrument for
      the bank's sole benefit, use, and gain;

   d.  That the bank further compounded its wrongful and fraudulent actions by
      inducing the affiant to sign a Mortgage, thereby granting additional third
      parties undeserving control, benefit, and interest in the affiant's personal
      property, all under the guise of 'necessity';

   e.  That the notes/mortgage/Deed of Trust/Security Instrument between the bank,
      its agents and assignees and the affiant do not constitute a lawful binding
      contract due to the acts of misfeasance, malfeasance, and nonfeasance as more
      particularly outlined above; and that any such 'contract' would be
      unconscionable and unilateral in its very nature.

   f.  As affirmed above and throughout, affiant was never provided full, complete,
      and truthful disclosure regarding all financial instruments affiant was
      compelled to sign, nor fully apprise of the very nature and exact particulars of
      the bank's entire loan process. Without being fully and truthfully informed as
      to all the details of the 'loan' and the true 'intentions' of the lender, there
      could not be, and was not, a 'meeting of the minds'. Affiant fully believes the
      following court decision (among others) applies herein, to wit: *"The 'meeting
      of the minds' required to make a contract is not based on secret purpose or
      intention on the part of one of the parties, stored away in his mind and not
      brought to the attention of the other party, but must be based on purpose and
      intention which has been made known or which from all the circumstances*

2009061730   6 of 16

*should be known".* McClintock v. Skelly Oil Company, 232 Mo. 1204, 114
S.W. 2d 181, 189 (1938)

g.  That, the Affiant did spent further time considering all the particulars
regarding the entire loan process as outlined above, and became further
perplexed.  If the bank/lender had indeed given full, complete, and truthful
disclosure regarding all elements of the loan process as outlined throughout;
and did in fact provide valuable, bona fide consideration and, did in fact
believe the bank was creating a lawful, binding contract with the
affiant/borrower, then why did not the bank's officers and representatives sign
their name on the contract note?  The same applies to the Mortgage.  If the
bank/lender knew it was not involved in any kind of fraudulent inducement,
misrepresentation, and concealment, and did in fact have a bona fide, legal
contract with the borrower/affiant sufficient to prevail in a foreclosure action
if need be; then, why did the bank/lender feel it necessary to have a deed of
trust created- wherein the bank/lender did assign complete control of the
purported 'loan' over to a third party, and again never put their signature to
the instrument?  In consideration of all the statements throughout this
affidavit, the affiant believes it only reasonable to conclude that the
bank/lender knew full and well that it was defrauding the affiant/borrower as
to the true nature and elements of the entire loan process, and was not willing
to further implicate and or incriminate itself by signing its name to document.
The banker/lender knew full well were based upon fraud, lies, inducement,
entrapment, and unjust enrichment.

h.  That, Affiant requested on APRIL 26, 2009 for NATIONAL BANK OF
KANSAS and RECONTRUST COMPANY and its agents, assigns and
trustees in good faith with clean hands to provide information regarding the
origination of the loan, funding and entitlement right to Affiant debt of
Note/Mortgage for or Mortgage for 51 BENTLEY COURT LITTLE
ROCK, AR 72210; however, as of date NO response to the affidavit has been
received. Recontrust only sent copies of mortgages and notes. No account
records were ever received.

Branch :PP2,User :P001                    Comment:                    Station Id :FZCG

2009061730    7 of 16

i. That, regarding a document entitled Mortgagees Deed No. 2009044561, recorded on July 1, 2009- was a wrongful foreclosure and transfer of property, none of the affidavits were answered and no accounting records were ever provided. That, regardless of any funds secretly or covertly obtained by the bank (via affiant's note/mortgage) while said bank acts as a for-profit business with and through the United States Treasury for the purpose to access and thereby expand the credit of this affiant's individual treasury account while at all times failing to disclose the use of this affiant's negotiable paper (i.e. affiant's mortgage./note) while trading as a for profit entity on the bond and securities market though any of its interagency cohorts/institutions such as Fannie Mae, Freddie Mac, or otherwise; while also apparently failing to file IRS Form 1099OID (Original Issue Discount) on each of the herein referenced transaction and thereby send a copy of said form to affiant for his tax records. It has been established that this affiant as well as other Americans have, out of necessity and the related remedy attaching thereto having its origin out of HJR-192, and are in fact the only substantive "source" and consumer to sponsor virtually ALL credit that issues for commercial purposes. Said credit being necessary for the Treasury to have access to a valid source of credit to monetize and thereby disburse to the Federal Reserve banks for various and sundry federal projects while accounting for all such credit/funding entered into circulation through the aforesaid Federal Reserve banks. The nature of such funding has been verified by the U.S. Treasury Department of Treasury as emanating by and through the UCC Contract Trust Account of the named trust/entity GARY TUCKER bearing UCC CONTRACT TRUST ACCOUNT No. XXX-XX-XX and Treasury noted Exemption from Levy No. 503731609, to include such other similar individual trusts as many exist.

Branch :PP2,User :P001                    Comment:                    Station Id :FZCG

2009061730   8 of 16

For all the reasons set forth above and throughout this affidavit, which the affiant incorporated herein in its entity- ALL Notes/Mortgage/Deed of Trust or other instruments signed February 29, 2008 by the affiant between the bank/lender and any and all of its agents, assignees and beneficiaries have no legal force or binding effect, and the same in fact NULL and VOID.

*FURTHER AFFIANT SAYETH NAUGHT*

DARYL MORGAN, administrator and signer for GARY TUCKER on February 29, 2008

SUBSCRIBED and SWORN to before me this _03_ day of _Sept_, 2009.

NOTARY PUBLIC in and for said
Pulaski County and State of Arkansas

JOSEPH CARPER
MY COMMISSION # 12366588
EXPIRES: April 20, 2016
Pulaski County

2009061730  9 of 16

**From:** GARY TUCKER                                      DATE AUGUST 27, 2009
DARYL MORGAN, administrator of the estate
51 BENTLEY CIRCLE
LITTLE ROCK, AR 72210

**TO:** NATIONAL BANK OF KANSAS CITY
10700 NALL AVENUE
OVERLAND PARK, KS 66211

RECONTRUST COMPANY
PERFORMANCE DRIVE
MAIL STOP: RGV-C4-450
RICHARDSON, TX 75082

BANK OF AMERICA HOME LOANS
P.O. BOX 5170
SIMI VALLEY, CA 93062-5170

MERS
PO BOX 2026
FLINT, MI 48501-2026

HUD Office of Inspector General
451 7th Street, SW
Washington, DC 20410

**Re:** RE: Original Loan No. 105003343;
Commonly Known Address: 51 Bentley Circle Little Rock, AR 72210
Mortgage Record No. 2008016226; Recorded Date March 11, 2008

### Notice of Right to Cancel
*Notice to Agent is Notice to Principal*
*Notice to Principal is Notice to Agent*

Parties: Gary Morgan and Daryl Morgan signer on February 29, 2009(Alleged Borrower(s)
hereinafter Borrower(s)) -- and, National Bank of Kansas City/Bank of America Home Loans
(Alleged Lender(s) -- hereinafter Lender)

Attention: Alleged ledger

This communication will serve as our *Notice of Right to Cancel* dated August 27, 2009. TILA (Truth in
Lending Act, 15 USC §1601 et seq. 12 CFR Part 226) allows three (3) years to review Disclosure
Documents. The referenced 'Three Day Right to Cancel' must have a trigger to begin. That trigger, is
when the Lender has provided the Borrower with ALL of the required Disclosures under TILA, and that
the same are true, complete, accurate, and timely provided.

Notice of Right to Cancel                                      Page 1 of 1



**2009061730  10 of 16**

Being as the entire purported loan/mortgage process and Mortgage referenced herein and throughout, was obtained by wrongful acts of fraud, fraudulent inducement, concealment, and fraudulent misrepresentation, the borrower has other recourse, right, and cause of action under numerous state and federal statutes. Acts of fraud taint/void everything it touches as the US Supreme Court has declared: *"There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments."* (United States v. Throckmorton, 98 U.S. 61)

To this date, Lender has never provided Borrower with true, complete, accurate or timely documents as required. ONLY AFTER such provision has been done, can the '3 DAY RIGHT TO CANCEL' period begin. If the required full Disclosure(s) have not been provided, then the period in which to Cancel is extended for up to three (3) years, OR until Lender moves to foreclose.
The records thus far evidence, that Borrower has requested to cancel within the stipulated three year time period, while still waiting to receive all Truth-in-Lending disclosures as required by Federal Law, the same of which have never been received.

A close perusal/audit of Borrower's mortgage documents has revealed certain Disclosure Violations; and, that the Borrower has the remedial right and remedy (UCC 1-201 (32) (34)), inter alia, to invoke their Right of Rescission (ROR) as further evidenced by the original NOTICE OF RIGHT TO CANCEL. You will also please find Borrower's signed and dated NOTICE to the Lender(s), Successor(s) and Beneficiary as stated on the NOTICE OF RIGHT TO CANCEL, if provided in the loan package. If such Notice was not provided, this written Notice of communication is provided in lieu thereof.

After sufficient NOTICE has been given to Lender, the Lender is required by Federal Law to CANCEL any lien(s) and to CANCEL any security interest on the Borrower's home within twenty (20) days. The Lender must also return any money, interest, fee, and/or property to Borrower, as well as any money/funds given to any persons or other fiction in law/entity in connection with said transaction.

In accordance with both State and Federal law or until the Lender complies, Borrower may retain the proceeds of the transaction. If it should be 'impractical' or 'unfair' for the Borrower to return the property when gross discrepancies, fraud, or other wrongful acts are discovered - then he/she/they may offer its 'Reasonable Value'.

In the event the Lender should fail or refuse to take possession of the property or return the borrower's money offer within twenty (20) days . . Borrower may then regain/acquire all rights to clear title and re-conveyance under Federal Law and provisions of TILA.

Additionally, Borrower has the right to offer Lender a Reasonable Value. However, the penalty that a bank can face for violations of TILA and other State and Federal law can be as much as triple damages . . i.e., triple the amount of the interest the bank stood to fraudulently make off of the mortgage/loan transaction. Therefore, the borrowers hereby in good faith make the following offer: Borrowers will forgive National Bank of Kansas City/Bank of America Home Loans any liability incurred by its wrongful actions, provided National Bank of Kansas City/Bank of America Home Loans. rightfully forgive Borrowers the full amount of mortgage/credit you fraudulently allege to have given. In addition, Borrowers make the one time demand of $750,000 for any loss, damage, and injury they have sustained; and, that National Bank of Kansas City/Bank of America Home Loans. also remove all/any negative comments on Borrower's credit report attributed to this transaction.

Any default, failures, or non-compliance on the Lender's part to perform as herein directed within twenty (20) days of receipt shall constitute this Notice of Right to Cancel as valid and fully agreed/accepted pursuant to the terms and conditions as set forth herein and throughout.

Notice of Right to Cancel                                                           Page 2 of 2

2009061730   11 of 16

Sincerely,

*Darl Morgan*
DARYL MORGAN, administrator and signer for GARY TUCKER on February 29, 2008

on this 03 day of sept 2009

Notice of Right to Cancel                                    Page 2 of 3

Branch :PP2,User :P001                          Comment:                                      Station Id :FZCG

2009061730  12 of 16

# ADDENDUM
### ADDENDUM TO- RIGHT TO CANCEL
RE: UNCONTROVERTED MATTER OF RECORD, et. seq.
Original Loan No: 105603432;
Commonly known address as: 51 Bentley Circle Little Rock, AR 72110
Mortgage Record No: 2008016226- Recorded Date: March 11, 2008

1) That, at no time prior to the signing of any 'loan' documents and to this date, did NATIONAL BANK OF KANSAS CITY nor any of its officers/employees fully and completely described and categorized all of the underlying particulars, details, and principles of law regarding NATIONAL BANK OF KANSAS CITY's entire purported 'loan' process, including just exactly where the 'money' was coming from to fund the note/mortgage, how it was obtained and or created and by whom it was created, obtained and or funded.

2) That, at no time prior to the signing of any 'loan' documents and to this date, did NATIONAL BANK OF KANSAS CITY and its officers/employees ever disclose to GARY TUCKER the fact that the funding of the note/mortgage was being created and or obtained by and through GARY TUCKER;s signature on GARY TUCKER's note, the same of which NATIONAL BANK OF KANSAS CITY later arbitrarily and deceitfully claimed as its own, and then either sold, bargained, traded, or collateralized the same for its own benefit and use. GARY TUCKER has good cause to believe that the foregoing wrongful acts evidence NATIONAL BANK OF KANSAS CITY never put up, nor used any money of its own to fund the note/mortgage instrument as it promised. Nor, has NATIONAL BANK OF KANSAS CITY and its officers/employers/agents and or assigns ever denied or rebutted any of the determinations set forth above..

3) That, by and through GARY TUCKER's signing of notes, mortgages, Deeds of Trust, and or security instruments, NATIONAL BANK OF KANSAS CITY led GARY TUCKER to believe that a binding, lawful contract/agreement was created between NATIONAL BANK OF KANSAS CITY ( to include its agents, assigns and beneficiaries) and GARY TUCKER.

4) That prior to, and at the time of signing all NATIONAL BANK OF KANSAS CITY's required financial instruments as instructed, GARY TUCKER was very unlearned and unsophisticated in such banking and financial matter, including lacking any knowledge of all the various underlying details, particulars and legal consequences pertaining to the same. To the contrary, GARY TUCKER relied wholly upon NATIONAL BANK OF KANSAS CITY having 'clean hands; operating in 'good faith', and providing GARY TUCKER with full, complete and truthful disclosures of the entire financial transaction(s).

5) That, following the aforesaid financial transactions concerning NATIONAL BANK OF KANSAS CITY, GARY TUCKER did further study and research the above particulars regarding NATIONAL BANK OF KANSAS CITY's loan process and can reasonably conclude that NATIONAL BANK OF KANSAS CITY DID NOT in fact operate with clean hands or in good faith, nor did NATIONAL BANK OF KANSAS CITY provide full, complete and truthful disclosures of its underlying, undisclosed, secret intent. To the contrary, a close perusal and audit of NATIONAL BANK OF KANSAS CITY's internal accounting records provide sufficient evidence to support the following:



2009061730    13 of 16

a. That, NATIONAL BANK OF KANSAS CITY used acts of, but not limited to, fraudulent inducement, fraudulent misrepresentation, and fraudulent intent in its advertising and claim to have loaned its money to GARY TUCKER.

b. That, NATIONAL BANK OF KANSAS CITY did not fulfill its original promise/agreement to lend GARY TUCKER its own money; NATIONAL BANK OF KANSAS CITY did not sacrifice/contribute anything of intrinsic value or incur any risk/loss in the formation or outcome of the transaction; and NATIONAL BANK OF KANSAS CITY therefore did not sacrifice nor contribute any valuable, lawful, consideration; and thereby could not and did not suffer any loss, damage, or injury.

c. That, NATIONAL BANK OF KANSAS CITY arbitrarily and discretely stole GARY TUCKER'S note/mortgage, claimed it as its own, and converted the same to a negotiable instrument for NATIONAL BANK OF KANSAS CITY's sole benefit, use, profit and or gain;

d. That, NATIONAL BANK OF KANSAS CITY further compounded its predatory, wrongful, and fraudulent actions by inducing GARY TUCKER to sign a Mortgage, thereby granting additional third parties undeserving control, benefit and c in GARY TUCKER's personal property (i.e. their house/property) all under the guise of 'necessity';

e. That, notes/mortgage/Deed of Trust/Security Instrument created by NATIONAL BANK OF KANSAS CITY, its agents, and assigns and signed only by GARY TUCKER DO NOT constitute a lawful binding contract/agreement due to NATIONAL BANK OF KANSAS CITY's acts of misfeasance, malfeasance, and nonfeasance as more particularly outlined above. In addition, that any such purported 'contract/agreement would be unconscionable and is VOID.

f. As confirmed above and throughout, GARY TUCKER was never provided full, complete and truthful disclosure regarding all financial instruments which, GARY TUCKER was compelled to sign, nor were they fully or otherwise apprised of the true nature and exact particulars of NATIONAL BANK OF KANSAS CITY's entire loan process. Without being fully and truthfully informed as to all the details of the purported 'loan' and the underlying disingenuous 'intention' of the lender, there could not be, and was not, a 'meeting of the minds'. The law of contracts and the courts addresses this issue repeatedly, as per this example:

> "The meeting of the minds' required to make a contract is not based on secret purpose or intention on the part of the parties, stored away in his mind and not brought to the attention of the other party, but must be based on purpose and intention which has been made known or which from all the circumstances should be known". McClintock v. Skelly Oil Co., 232 MoApp. 1204 (1938).

g. That, NATIONAL BANK OF KANSAS CITY also did compel GARY TUCKER into procuring Mortgage Insurance on GARY TUCKER'S making NATIONAL BANK OF KANSAS CITY the beneficiary of the same, while NATIONAL BANK OF KANSAS CITY knew full well that it had not put up any valuable nor lawful consideration into GARY TUCKER's note, could not possibly incur any loss, was undeserving of any such insurance benefit, and was wrongfully instilling yet, another unjust financial burden on GARY TUCKER.

2009061730   14 of 16

As with the theft of GARY TUCKER's note, courts of law throughout the United States consider any such wrongful and deceitful action as fraudulent inducement, fraudulent misrepresentation and unjust enrichment, to name a few.

h. GARY TUCKER did spend additional time researching several particulars regarding NATIONAL BANK OF KANSAS CITY's entire loan process as outlined above, and became further perplexed. If NATIONAL BANK OF KANSAS CITY /lender had indeed given full, complete, and truthful disclosure regarding all elements of its loan process as set forth above and throughout; and did in fact provide valuable, bona fide consideration; and, did in fact believe NATIONAL BANK OF KANSAS CITY did create a lawful binding contract with GARY TUCKER / borrower(s); then, why did not NATIONAL BANK OF KANSAS CITY /officers/representatives/ agents/assigns not sign their name on the contract/note/deed of trust? If NATIONAL BANK OF KANSAS CITY /lender knew it was not involved in any manner of fraudulent inducement, misrepresentation, concealment, or unjust enrichment, and did in fact have a bona fide legal contract with the borrower(s) GARY TUCKER sufficient to prevail in a foreclosure action if need be; then, why did NATIONAL BANK OF KANSAS CITY /lender feel it necessary to have a deed of trust created- wherein the NATIONAL BANK OF KANSAS CITY /lender did cause complete control of the purported loan/note to be turned over to an undeserving third party, and again never put their signature on the instrument? In consideration of all the above statement and finding, it is only reasonable to conclude that NATIONAL BANK OF KANSAS CITY /lender knew full well that it had defrauded GARY TUCKER /borrower(s) from the outset as to the true nature and undisclosed rudiments of the entire loan process, and was not receptive to further implicating and or incriminating itself by signing its name to documents that NATIONAL BANK OF KANSAS CITY /lender knew were founded upon fraud, lies, unfulfilled promises, secret intentions, inducement, entrapment, and unjust enrichment.

6) To this date, NATIONAL BANK OF KANSAS CITY nor any of its agents, assigns, or beneficiaries, have provided any bona fide tangible evidence that ANY of them are in FACT the bona fide holder in due course (nor even a folder of value) and bona fide owner of the promissory note in question, all of which would be absolutely necessary in order to initiate ANY form of collection action or foreclosure proceeding. Again, it is an incontrovertible fact that the original promissory note is, and always was, the property of GARY TUCKER, and the same did not knowingly or otherwise assign, transfer, or give it away for another's personal benefit and gain- all to the loss and detriment of GARY TUCKER. Any reasonable person would conclude such an action as being ludicrous and unconscionable. Furthermore, it is against the law for one to fraudulently obtain an unjust property, claim it as their own, and then further bargain, assign, or sale the same to obtain an unjust enrichment, benefit, and gain for themselves- all as a loss and detriment to the lawful, bona fide owner.

IN CONCLUSION, NATIONAL BANK OF KANSAS CITY nor any of its officer, representatives, agents, assigns or beneficiaries have provided any evidence in contradiction to the matters set forth above and throughout. Accordingly, the record shall establish that all aforesaid facts, statement, determination and related Attachment of Sworn Affidavit of borrower.

Branch :PP2,User :P001                    Comment:                              Station Id :FZCG

2009061730   15 of 16

GARY TUCKER (which are incorporated herein and made a part hereof in their entirety) are
entirely true and correct and remain unanswered, unrebutted, and uncontroverted.



DARYL MORGAN, administrator and signer

for GARY TUCKER on February 29, 2008

### ACKNOWLEDGMENT

State of Arkansas        )
                         )
County of Pulaski        )

Subscribed and sworn to (or affirmed) before me on this 03 DAY of _Sept_ 2007 by
Daryl Morgan, proved to me on the basis of satisfactory evidence to be the person who
appeared before me.

Signature

JOSEPH CAPPER
MY COMMISSION # 12263265
EXPIRES: April 30, 2016
Pulaski County

Comment:

2009061730   16 of 16

## ASSERVATION OF MAILING

I, _Daryl Morgan_, do hereby solemnly declare and affirm by my signature below, that on _Sept_ _6_, 2009, I did cause to be delivered by Federal Express, UPS or other private carrier and or First Class US Mail, a true and correct copy of the following documents: Copy of Notice of Right to Cancel; Copy of Qualified Written Request, Revocation of Power of Attorney; Notice of Right to Removal, Affidavit of GARY TUCKER, Attachment/Exhibit 1 & Addendum to the parties and location listed below:

Date: _September 8, 2009_                        _Daryl Morgan_

NATIONAL BANK OF KANSAS CITY
10700 NALL AVENUE
OVERLAND PARK, KS 66211

NETCO, INC.
1701 CENTERVIEW DR 121
LITTLE ROCK, AR 72111

NEW VISION RESIDENTIAL LENDING
ATTENTION: FINAL DOCS
10700 NALL AVENUE
OVERLAND PARK, KS 66211

RECONTRUST COMPANY
2380 PERFORMANCE DRIVE
MAIL STOP: RGV-C4-450
RICHARDSON, TX 75082

BANK OF AMERICA HOME LOANS
P.O. BOX 5170
SIMI VALLEY, CA 93062-5170

Dyke, Henry, Goldsholl, Winzerling, PLC
555 PLAZA WEST
415 N. MCKINLEY
LITTLE ROCK, AR 72205

HUD Office of Inspector General
451 7th Street, SW
Washington, DC 20410

MERS
PO BOX 2026
FLINT, MI 48501-2026